**EXHIBIT A**



Paul T. Curtis, SBN #6042
CURTIS & PORTER, P.A.
598 N. Capital Ave.
Idaho Falls, ID 83402
Telephone: (208) 542-6995
Facsimile: (208) 542-6993

*Attorneys for Plaintiff*

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

IN AND FOR THE STATE OF IDAHO, COUNTY OF MADISON

| | |
|---|---|
| BARBARA CHRISTENSEN, | Case No.: CV-17-93 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | [Breach of Insurance Contract] |
| TRINITY UNIVERSAL INSURANCE COMPANY, | |
| Defendant. | |

COMES NOW, Plaintiff BARBARA CHRISTENSEN, by and through her attorney of record, Paul T. Curtis of CURTIS & PORTER, P.A., and complains and alleges against Defendant TRINITY UNIVERSAL INSURANCE COMPANY, (hereinafter "TRINITY") as follows:

1. This is an action for personal injury damages sustained in an automobile accident occurring on November 22, 2011, on Cole Road, in the City of Boise, Ada County, Idaho, proximately caused by the negligence of one Carla Latta. Plaintiff settled with Carla Latta for her liability insurance policy limits, and made a claim against Defendant TRINITY for additional compensation under her policy. Said Defendant denied her claim, alleging Plaintiff had been

COMPLAINT AND DEMAND FOR JURY TRIAL                                        PAGE 1

adequately compensated by the at-fault party. Plaintiff disagrees and hereby sues her insurance company, TRINITY, for damages according to contract, attorney's fees, court costs, and other relief.

2. Plaintiff's permanent residence is in Madison County, Idaho.

3. On information and belief, based upon representations of counsel, TRINITY is an insurance company based out of Jacksonville, Florida, doing business in the State of Idaho.

4. The Court has subject matter jurisdiction over this matter, in that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimums for actions filed in the district court. The Court has *subject matter* jurisdiction over defendant, in that the defendant allegedly breached a contract with Plaintiff which was entered into within the State of Idaho.

5. Venue is proper in the Seventh Judicial District, Madison County, in that the plaintiff resides in said county. [I.C. §41-1838]

6. The motor vehicle accident that is the subject of this action occurred on November 22, 2011. At the time of the accident, Plaintiff BARBARA CHRISTENSEN was driving her vehicle southbound on Cole Road, in Boise, Idaho. While stopped for traffic, her vehicle was rear ended by a vehicle driven by Carla Latta. The impact pushed Plaintiff's vehicle forward causing it to impact the rear of the vehicle in front of her, proximately causing plaintiff to suffer personal injury damages.

7. Plaintiff made a claim for personal injury damages against Carla Latta and settled for her liability policy limits. Thereafter, Plaintiff made a claim for additional benefits from her insurance, Defendant TRINITY.

8.    Defendant TRINITY denied Plaintiff's claim, alleging that Plaintiff had been adequately compensated by Carla Latta's insurance.

9.    Defendant TRINITY refused to agree to resolve the matter in arbitration and Plaintiff has been thus forced to file this lawsuit to recover the damages she is entitled to under her insurance contract with Defendant TRINITY.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract against Defendant TRINTIY UNIVERSAL INURANCE COMPANY, aka KEMPER INSURANCE)

10.   Plaintiff incorporates herein paragraphs 1 through 9 of this Complaint.

11.   At the time and place of the accident, Plaintiff was insured by Defendant TRINTIY.

12.   Said insurance policy provided UIM coverage, which provided excess coverage in the event a liable party was underinsured.

13.   As a result of this accident, Plaintiff suffered personal injuries including, but not limited to, neck injuries requiring surgery and proximately resulting in medical specials exceeding $116,905.00.

14.   Carla Latta had a liability policy in the amount of $100,000. On or about February 11, 2015, Defendant's liability insurance carrier, Farmer's Insurance Company of Idaho, settled with Plaintiff for Carla Latta's liability insurance policy limits.

15.   Plaintiff's excess coverage provided by Defendant TRINITY included policy limits of $250,000.

16.   Plaintiff made a demand of Defendant to pay for her excess damages under the policy not exceeding her policy limits.

17. Defendant TRINITY denied Plaintiff's claim, alleging Plaintiff had been adequately compensated through Carla Latta's liability insurance.

18. Plaintiff disputes the basis of TRINITY'S denial, alleging her settlement with Carla Latta did not adequately compensate her and requested arbitration.

19. On or about November 4, 2016, TRINITY notified Plaintiff of its refusal to arbitrate.

20. As a result, Plaintiff brings this action against TRINITY for breach of contract for failure to pay excess coverage as agreed in her contract with TRINITY, in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF
(Attorney's fees and court costs)

21. Plaintiff incorporates herein paragraphs 1 through 20 of this Complaint.

22. On or before September 21, 2016, Plaintiff provided "proof of loss" to Defendant TRINTIY.

23. More than 60 days have passed since Plaintiff provided proof of loss to Defendant. Defendant not only failed to offer or pay the "amount justly due" Plaintiff, but failed to make any payment under the policy of insurance.

24. As such, Plaintiff has been required to obtain the legal services of Paul T. Curtis of CURTIS & PORTER, P.A. to prosecute her claim for damages, and has obligated herself to pay her attorney a reasonable fee for his services, as well as to reimburse all court costs and expenses of litigation.

25. I.C. §41-1839 provides that Defendant is liable for Plaintiff's attorney's fees should the Court find Plaintiff is due any amount under her policy of insurance.

WHEREFORE, plaintiff prays for relief in excess of $10,000.00 against Defendant TRINITY UNIVERSAL INSURANCE COMPANY as follows:

1. For general damages for plaintiff's pain and suffering, bodily injuries, and other damages in an amount to be proven at trial, due Plaintiff under the terms of her insurance contract with Defendant;

2. For plaintiff's property damage, out-of-pocket expenses, and other special damages in an amount to be proven at trial, due Plaintiff under the terms of her insurance contract with Defendant;

3. For plaintiff's attorney's fees per I.C. §41-1839 or other law or statute, court costs, and other disbursements in an amount to be determined at or after trial; and

4. For such other and further relief as the Court deems appropriate under the circumstances.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS MATTER.

DATED this 2 day of February, 2016.

_____
Paul T. Curtis